**Ford Elsaesser**
P.O. Box 2220
Sandpoint, ID 83864
(208) 263-8871
(208) 263-0759 [Facsimile]
pts1@ejame.com
Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF IDAHO

| In Re: | Case No. 08-20381 – TLM |
|---|---|
| SHERIDAN, DARRELL ROYCE<br>SHERIDAN, SHERRY ANN<br>　　　Debtors | MEMORANDUM IN SUPPORT OF<br>OBJECTION TO MOTION FOR<br>RELIEF FROM STAY |

Ford Elsaesser, Chapter 7 Trustee in the Sheridan bankruptcy proceeding, submits this Memorandum in Support of its Objection to Motion for Relief From Stay filed October 21, 2008 as *Court Docket No. 23*.

## BACKGROUND

On September 20, 2006, the Debtors executed a Deed of Trust with Fieldstone Mortgage Company as the Lender securing the sum of One Hundred Ninety Five Thousand Three Hundred Thirty Dollars ($195,330.00). The beneficiary of the Deed of Trust was Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERS was authorized under the Deed of Trust to act "solely as nominee for Lender and Lender's successors and assigns." MERS, as nominee HSBC Bank USA, National Association ("HSBC Bank"), as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3 ("Fieldstone Trust Series") has filed a Motion for Relief from the Automatic Stay even though there is no evidence showing how or if Fieldstone Mortgage Company's interest in the Deed of Trust and Promissory Note was transferred to Fieldstone Mortgage Investment Trust Series 2006-3 or HSBC Bank USA.

MEMORANDUM IN SUPPORT OF
OBJECTION TO MOTION FOR RELIEF FROM STAY　　　　　　　　　　　　　　　　　　　　　　　- 1 -

Hailed on its website, www.mersinc.org, as the picture of paperless proficiency, MERS purports to allow lenders and investors to buy and sell interests in Deeds of Trusts and mortgages, without any notice or follow through on the beneficial interests' chain of title. Presumably, however, somewhere, somehow, there is a chain of assignments that shows how the Fieldstone Trust Series has an interest in the promissory note and Deed of Trust and how HSBC Bank has been named as its Indenture Trustee. Without this chain of title, MERS cannot show that it is acting as the nominee for the lender under the Deed of Trust and therefore, MERS has no authority to bring a motion for relief from stay.

## ARGUMENT

**MERS has failed to satisfy the burden of proof required to show that it is a "party-in-interest" with standing to file a motion for relief from stay.**

As the party seeking relief from stay, MERS bears the burden of showing that it has standing to seek such relief. *See In re Foreclosure Cases*, 521 F.Supp.2d 650, 653 ("Plaintiffs have the burden of establishing standing. If they cannot do so, their claims must be dismissed for lack of subject matter jurisdiction.") Solely on the issue of whether MERS has standing to file a motion for relief from stay in this case, the Court "must construe the complaint in favor of the complaining party." *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1080-81 (9th Cir. 1987). For the purpose of determining standing, this requirement may require the Court to look favorably on the facts of whether relief of stay should be granted, but it does not alleviate MERS's obligation to prove that it has standing to bring the motion. The Trustee's objection does not go to the facts of the motion for relief from stay, but rather to the issue of whether MERS has standing to bring the motion in the first place. Therefore, this Memorandum will solely focus on the issue of standing.

## MERS has no standing to bring a motion for relief of stay since it has failed to show that it is acting as nominee for the party in interest.

Article III of the United States Constitution sets forth three elements a plaintiff must show to prove standing. MERS must show that it is acting as the nominee for a lender where the lender it represents: "(1)…has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely as opposed to merely speculative, that the injury will be redressed by a favorable decision." *In re Foreclosure Cases*, 521 F.Supp.2d 650, 653. In the particular case of a foreclosure action, the foreclosing party "must show that it is the holder of the note and the mortgage at the time the complaint was filed" and that the foreclosing party has been harmed, usually by non-payment of the note. *Id.* In this case, MERS has failed to show that it is the nominee for the holder of the Debtors' Deed of Trust.

In *In re Maisel*, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay since the lender did not have an interest in the property at the time the lender filed its motion for relief. 378 B.R. 19, 22 (2007). In reaching this conclusion, the court found that the lender failed to meet its burden of providing evidence that it had a relationship with the debtor at the time it filed the motion for relief. Quoting an earlier case, the court found that "[i]f the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant." *Id.* (quoting *In re Parrish*, 326 B.R. 708, 720 (Bankr.N.D.Ohio 2005)). The *Maisel* court further warned that "Lenders must take care in their haste to obtain relief from stay to ensure that the factual statements they make in their motions are true, have evidentiary support and support their claims." *Id.* Similar to the *Maisel* lender, MERS has failed to show how

Fieldstone Trust is the successor or assign of Fieldstone Mortgage Company or how HSBC Bank became involved, and has failed to show the dates of when these supposed transfers occurred.

Section 362(d) of the Bankruptcy Code permits "a party in interest" to seek relief from the automatic stay instituted by the filing for bankruptcy protection. 11 U.S.C. § 362(d). In another case in the Bankruptcy Court for the District of Massachusetts, the court found that "[a] party seeking relief from the automatic stay to exercise rights as to property must demonstrate at least a colorable claim to the property." *In re Huggins*, 357 B.R. 180, 185 (2006). In *Huggins*, MERS was identified on the debtor's mortgage as mortgagee acting as a nominee for the lender. When MERS sought to foreclose as the nominee, the Bankruptcy Court held that its status as a nominee was sufficient to hold a colorable claim to the property where "there is no disconnection between note and mortgage." *Id.* at 184. In *Huggins*, the original payee of the promissory note still held the note and had not assigned its interests, and MERS was named as the mortgagee acting as nominee for the original payee. Unlike the *Huggins* case, a disconnect does exist here between the Deed of Trust and the Promissory Note. MERS may act as the nominee for the Lender, but MERS has failed to show who the Lender's successors and/or assigns are and were at the time it filed the motion for relief of stay, and so its motion must be dismissed. *See also, In re Scott*, 376 B.R. 285 (Bankr.D.Idaho 2007) (this Court held that a foreclosure agent involved in foreclosing on a second deed of trust after confirmation of the debtors' chapter 13 bankruptcy plan lacked standing to bring a counterclaim against the debtors in the debtors' adversary proceeding).

## Conclusion

MERS is not a party in interest in the Debtors' Deed of Trust since it has failed to show its status as the nominee for a successor or assignee of the original lender. Since MERS is not a party in interest, it has no standing to bring a motion for relief of stay. Therefore, MERS' motion for relief from the automatic stay must be dismissed.

Respectfully submitted this 10th day of December, 2008.

/s/_____
Ford Elsaesser, ISB # 2205
Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2008, I electronically filed **Memorandum in Support of Objection to Motion for Relief from Stay** with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the individuals with the term "ECF" noted next to their name.

Jeffrey H Andrews jeffandrewslaw@yahoo.com
Steven W Boyce sboyce@justlawidaho.com, ddorman@justlawidaho.com
US Trustee ustp.region18.bs.ecf@usdoj.gov

I further certify that, on the same date, I have served the foregoing document to the following non-CM/ECF Registered Participant(s) in the manner indicated:
    Via United States Postal Service, first class mail, postage prepaid:

Darrell & Sherry Sheridan
636 North Sparklewood Court
Post Falls ID 83854

Great Lakes Educational Loan Services
Claims Filing Unit
POB 8973
Madison, WI 53708-8973

Litton Loan Servicing, L.P.
McCalla, Raymer, et al.
Bankruptcy Department
1544 Old Alabama Road
Roswell, GA 30076

             /s/
             Deborah Hillen
             Administrative Assistant