JUST LAW OFFICE
STEVEN W. BOYCE—ISB No. 5243
381 Shoup Avenue
PO Box 50271
Idaho Falls, Idaho 83405
(208) 523-9106
(208) 523-9146 fax

Attorney for Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3

UNITED STATES BANKRUPTCY COURT
STATE OF IDAHO

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 08-20381-7 TLM |
| DARRELL ROYCE SHERIDAN and ) | |
| SHERRY ANN SHERIDAN, ) | BRIEF IN SUPPORT OF MOTION |
| ) | FOR RELIEF FROM SECTION 362 |
| Debtors. ) | STAY |
| _____ ) | |

     COMES NOW Mortgage Electronic Registration Systems, Inc., and submits this brief in support of the October 16, 2008 Motion for Relief from Stay filed herein.

**FACTS**

     Movant Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS") filed a "Motion for Relief from Section 362 Stay" in this case, filed as document number 21 on October 16, 2008. The Motion alleges that MERS is the party entitled seek relief from the automatic stay provisions of § 362 due to debtors' payment arrearages on a loan secured by a deed of trust and promissory note executed by debtors in September, 2006, and due to a lack of equity in the underlying property securing the debt.

     The debtors did not file an objection to the motion. However, Trustee Ford Elsaesser timely filed an "Objection to Motion for Relief from Stay and Notice of Hearing." The basis of the Trustee's objection is that, "while…[MERS] is represented to be the "Secured Creditor" of the loan, "it is not clear whether they [MERS] ha[s] any authority to bring the motion, in the form of an assignment, agreement, or power of attorney."

MOTION FOR RELIEF FROM STAY     1

On November 4, 2008, a preliminary hearing on the motion and objection was conducted. The matter was set for a Final Hearing to be held on December 16, 2008. MERS files this brief in support of its Motion for Relief from Stay and pursuant to the Court's ordered briefing schedule.

## ARGUMENT

1.  <u>The Trustee's Objection Should be Overruled as Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3, is Entitled to the Relief Sought as a Nominee.</u>

In this case, MERS is the agent of the original lender and its successors and assigns for defined purposes. Such a relationship is termed a "nominee". "A nominee is understood to be an agent for another. <u>In re Adler Coleman Clearing Corp.</u>, 277 B.R. 520, 569 n. 177 (Bankr.S.D.N.Y.2002) ("Nominee in its most common usage means one who holds property of record for another, and who acts at the direction of another, with the other having *the entire beneficial interest.*")" <u>In Re Escher</u>, 369 B.R. 862, 867 n. 8 (Bankr. E.D. Pa. 2007). A nominee is generally understood as a person designated to act in place of another. *See* Black's Law Dictionary (8th ed. 2004).

The nominee (MERS) therefore has an agency relationship with the principal (HSBC Bank, USA, N.A.) that both suffices to confer standing on the agent to prosecute the principal's interest in the loan obligation, and to bind the principal in actions undertaken in the agent's name. As such, the agency both confers standing to bring motions for relief and assures the agent is able to satisfy all of the obligations imposed on a party moving for relief from stay. Each deed of trust—to which the lender and the debtor are parties—is in evidence before the Court and specifies the agency and its scope and provides the agency is binding on successors and assigns.

In the case of <u>In re Huggins</u>, 357 B.R. 180 (Bankr.Mass., 2006), a Massachusetts Court analyzed a stay relief motion where MERS was the filing party. In <u>Huggins</u>, the debtor opposed the Motion for Relief on the basis that MERS did not have a property or ownership interest in the note, and therefore was not entitled to enforce the mortgage outside of bankruptcy because it could not bring an action on the note. In that case, the Court stated: "The Mortgage contains two specific and ultimately dispositive provisions relating to MERS. First, the Mortgage states that

"MERS is a separate corporation that is acting solely as nominee for [Spectrum] and [Spectrum's] successors and assigns. MERS is the mortgagee under this Security Instrument." A nominee is generally understood as a person designated to act in place of another.  See Black's Law Dictionary (8th ed. 2004)." In Re Huggins at 183.

In the Huggins case, the court noted that the definition of "nominee" was further defined in Kolakowski v. Finney, 1983 Mass.App. Div. 360, 363 (1983) and Lee v. Ravanis, 349 Mass. 742, 212 N.E.2d 480 (1965), which case upheld the authority of a nominee to act in a contract for the sale of real estate.  The Court in Huggins ultimately allowed stay to be lifted despite objections as to the standing of MERS to bring the action.  The Court based its decision on the facts that (1) MERS was acting as nominee for the Note holder (Spectrum); (2) MERS was the "record mortgagee" with the express powers contained in the mortgage; (3) the mortgage expressly authorized an entity in the position of MERS to foreclose; and (4) "the logic of a denial of MERS's foreclosure right as mortgagee would lead to anomalous and perhaps inequitable results, to wit, if MERS cannot foreclose though named as mortgagee, then either Spectrum can foreclose though not named as mortgagee or no one can foreclose, outcomes not reasonably or demonstrably intended by the parties." In Re Huggins, at 184.

While the Huggins case deals with a mortgage and not a Deed of Trust, the legal reasoning behind the decision is analogous to the case at hand.  In this case, the September 20, 2006 Deed of Trust executed by debtors Darrell and Sherry Sheridan (attached as an exhibit to the Motion for Relief from Stay), in paragraph (E) on page 2, indicates that MERS, "acting solely as nominee for Lender and Lender's successors and assigns" is "the beneficiary under this security instrument."  MERS, as a creditor and mortgagee of record, as listed in the Deed of Trust, is a party in interest with standing to seek relief from the automatic stay under section 362(d) of the Bankruptcy Code.  On page 3 of the Deed of Trust, the document refers to "Transfer of Rights in the Property" and restates that "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns)…"

Further, on page 3 of the Deed of Trust, it states that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all… interests, including, but not limited to, the right to foreclose and sell the Property…" Because MERS is the beneficiary of the Deed of Trust, MERS has the rights of any other beneficiary including enforcement of the loan agreement by foreclosure or other remedy.

In the <u>Huggins</u> decision, United States Bankruptcy Judge Somma concluded that, under Massachusetts foreclosure statutes, "MERS as the mortgagee named in a recorded mortgage (albeit in a nominee capacity) is authorized to conduct a foreclosure by power of sale . . . ." and further observed that, in order to obtain relief from the stay, prior precedents establish that a movant like MERS need only establish a colorable claim in order for the motion to be granted (citing <u>Grella v. Salem Five Cent Say. Bank</u>, 42 F.3d 26 (1st Cir.1994), and stating that:

> Stay relief implicates 'the adequacy of protection for the creditor, the debtor's equity in the property, and the necessity of the property to an effective reorganization.' Stay hearings 'do not involve a full adjudication on the merits of claims, defenses or counter-claims, but simply a determination as to whether a creditor has a colorable claim to property of the, estate. *Grella* at 42 F.3d at 31, 32; 11 U.S.C. § 362(d).

<u>In Re Huggins</u> at p. 182-183.

In the case at bar, the Motion for Relief from Stay has been filed by "Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3". MERS holds at least "colorable claim" to the property of the estate real property located at 636 North Sparklewood Court, Post Falls, ID by virtue of having been listed as the beneficiary of the deed of trust. Further, MERS is the nominee in this matter of HSBC Bank, USA, N.A..

Thus, the recorded deed of trust in this case establishes: (a) a contractual agency relationship under which the original lender authorized MERS to hold legal title and exercise the lender's rights, and has required MERS to discharge the Lender's obligations, (b) the Borrower's (Sheridan's) express consent to confer the status of beneficiary on MERS along with the other rights and responsibilities recited in the deed, (c) the express contractual intent of both the Lender and the Borrower that these provisions apply to successors and assigns of the Lender, and (d) no successor, assign or instrument altering MERS as named the named beneficiary of this deed of trust or displacing its rights and responsibilities under that security instrument.

Further, the Deed was recorded in the Kootenai County Recorder's Office on September 22, 2006 as Instrument No. 2057193000. This gives public notice that MERS is the beneficiary under the security instrument, has been authorized to exercise the note holder's rights and has assumed the Lender's duties under it. The recording further gives notice that the Borrower and Lender have agreed that this agency relationship shall continue with respect to successor and assigns. Any party that accepts a transfer of

BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY                4

the loan with this knowledge has authorized MERS to perform the functions recited in the deed of trust either expressly, implicitly or by operation of law, absent some affirmative step (such as recording of a new deed) removing MERS authorization.

Because the deed of trust demonstrates both MERS' authority to exercise the Lender's rights and its obligation to take the actions required of the Lender, the deed alone should suffice to demonstrate MERS standing to move for relief, and ability to accept the responsibilities imposed on a movant.  As held in Scott v. Countrywide Home Loans, Inc. (In re Scott), 376 B.R. 285 (2007), "to whatever extent [Lender] is bound by the provisions of the confirmed plan, and whatever rights [Lender] may have to seek revocation of the plan, MERS, as [Lender's] designee to serve as the beneficiary under the deed of trust executed by the Borrower to secure the loan, has equal rights and obligations." Id. at 291.

It is also consistent with the "in rem" nature of bankruptcy court jurisdiction to hold that a party makes a prima facie showing of standing to move for relief from stay by demonstrating that the party is the named beneficiary on the deed of trust. "A final order lifting an automatic stay is binding as to the property or interest in question—the res—and its scope is not limited to the particular parties before the court." In re Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 861 (9th Cir. 2008).  Named beneficiary status is a cognizable interest that follows the property in the official land records, even as parties transfer interests in the loan.

Therefore, the status as nominee gives MERS the authority to bring the motion herein and prosecute the interest of the loan obligation.  For this reason alone, the Court should allow the motion to be granted.

2. Mortgage Electronic Registration Systems, Inc. has Standing to Bring the Motion and is a Real Party in Interest.

Stay relief may be requested by "a party in interest." 11 U.S.C. § 362(d). That phrase is not intended to be restrictive. Courts have previously recognized that the ability to move for stay relief is to be afforded to creditors when "appropriate."  As the Seventh Circuit has explained:

> Subsection (d) grants relief from the automatic stay, under certain conditions, to "a party in interest." Had Congress intended the section to apply only to secured creditors, it undoubtedly would have so stated... [T]he legislative history to § 362 clearly indicates that Congress recognized that the stay should be lifted in appropriate circumstances. It states: It will often be more appropriate to permit proceedings to continue in their place or origin, when no great prejudice to the bankruptcy estate would result, in order to leave

the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

In re Holtkamp, 669 F.2d 505, 508 (7th Cir. 1982).

Regarding the issue of identifying a "real party in interest" with proper standing to seek the remedies of the court, Federal Rule of Civil Procedure 17 sets forth the various designated parties that may be a "real party in interest." Rule 17(a)(1)(F) of the Federal Rules of Civil Procedure (adopted in Bankruptcy Rule 7017 in the context of adversary proceedings) defines a real party in interest with standing to bring a claim to include "a party with whom or in whose name a contract has been made for another's benefit." Idaho's real party in interest statute contains the same definition. Idaho Rule of Civil Procedure 17(a) ("An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his own name...").

Thus, in Idaho, an agent authorized by the principal to collect on a debt has standing to sue in the agent's name—the agent need not obtain a power of attorney and sue in the principal's name—even if the agent has no underlying ownership interest in the debt proceeds.

The rule conferring standing on a party contractually authorized to act for the beneficial owner has its roots in 17th century common law and was designed to accommodate "pragmatic necessities of trade" as English commerce and trade expanded. Sprint Comm. Co. L.P. v. APPC Services, Inc. et al., __ U.S. __, 128 S.Ct. 2531, (No. 08-552) 489 F. 3d 1249, (June 23, 2008) (discussing common law origins of rule conferring standing on party contractually authorized to act on behalf of beneficial owner). In such an action, the principal is bound by the outcome of the action prosecuted in the agent's name. *See, eg.* Keller Lorenz Co. v. Insurance Assoc. Corp., 98 Idaho 678, 681, 570 P.2d 1366, 1369 (1977); Castleman v. Redford, 61 Nev. 259, 124 P.2d at 293, 295 (Nevada 1942).

Idaho's foreclosure statutes contemplate that the beneficiary under a deed of trust may direct an authorized foreclosure trustee to conduct the foreclosure and sale of the property. See Idaho Code Title 45, Chapter 15. Those provisions also require the beneficiary to discharge duties imposed for the debtor's protection. (See, *e.g.,* I.C. 45-1514, wherein the trustee, upon written request of the beneficiary, shall reconvey the estate of real property described in the deed of trust to the grantor). These provisions do not forbid a lender from contracting with another

party to serve as the named beneficiary on the deed of trust or otherwise cast any doubt on the rule in Keller Lorenz Co. and I.R.C.P. 17(a) that a party contractually authorized to act for another has standing to prosecute actions in the agent's name.

Finally, the obligations of pleading and proof on a motion for relief from stay are analogous to those in injunction proceedings, with one significant difference:

> The main difference lies in which party must bring the issue before the court. While in the injunction setting, the party seeking the injunction must prosecute the action, in proceedings from relief from the automatic stay, the enjoined party must move. The difference does not, however, shift the burden of proof. Subsection(g) leaves that burden on the party opposing relief from the stay (that is, on the party seeking continuance of the injunction) on the issue of adequate protection.

H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) pp. 340-44 (*as quoted in* West's annotations to 11 U.S.C. § 362(g)); 11 U.S.C. § 362(g)(2) (in preliminary or final hearing on motion for relief from stay, movant bears burden of proof on issue of debtor's equity in property but "the party opposing such relief bears the burden of proof on all other issues.").

In other cases, MERS has been found to have standing to move for relief from stay and foreclose.[1] In these cases, that conclusion was not reached based on the courts creating any special exceptions for MERS. Rather, in those cases the respective courts applied the ordinary rules of standing and pleading and proof to hold that MERS had standing either because it was named as a beneficiary of a deed of trust executed by the borrower that is expressly applicable to successors and assigns, or because it MERS was the holder of the promissory note by endorsement or delivery of the instrument. In this case, the same conclusion follows here by application of FRCP 17 and IRCP 17.

It would be reasonable to hold that the motion filed in this case, where MERS is the of-record beneficiary of the deed of trust is prima facie evidence of standing to move for relief from the automatic stay.

---

[1] See, e.g., *Mortgage Electronic Registration Sys., Inc. v. Revoredo*, 955 So.2d 33, 34 (Fl. 2007); *Mortgage Electronic Registration Sys. Inc. v. Coakley*, 41 A.D. 3d 674 (NY App. 2007); *In re Huggins*, (cited previously herein) 357 B.R. 180 (Bank. D. Mass. 2006); *In re Sina*, No A06-200, 2006 WL 2729544 (Minn.Ct.App. Sept. 26, 2006) (unpublished); *Mortgage Elec. Registration Sys., Inc. v. Ventura*, No CV 054003168S, 2006 WL 1230265 (Conn. Super.Ct. April 20, 2006) (unpublished); *MortgageElec. Registration Sys., Inc. v. Leslie*, No. CV044001051, 2005 WL 1433922 (Conn.Super.Ct. May 25, 2005) (unpublished).

BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY                                    7

3. In Re Hwang.

In the case at bar, the Court has brought to the parties' attention an August, 2008 Opinion from the Central District of California, authored by the Hon. Samuel L. Bufford (In Re: Kang Jin Hwang, Case No. LA08-15337SB, Central District of California (2008)). In the Hwang case, the court held that Indymac Bank was not entitled to relief from the automatic stay because Indymac failed to convince the court that it was the holder of the underlying promissory note or otherwise had sufficient authority to enforce the note.

In that case, the court focused on the "ownership" of the note, ultimately holding that in order for the movant to be entitled to relief from the automatic stay, the movant must be either the "noteholder" or, in the case of a "servicer" of a note, that servicer must join or ratify the motion. In that case, Indymac did not claim to be the holder of the note. MERS submits that the facts in the case at bar are sufficiently distinguishable from that case, in that MERS is not merely a "servicer" of a note it does not hold, as in the Hwang case, but that MERS is a named beneficiary of the Sheridan's promissory note and deed of trust, which designation grants MERS a superior claim of standing and authority than what was presented to the court by Indymac in the Hwang case, pursuant to the nominee and standing arguments set forth herein.

4. The Subject Property has no Value for the Estate.

Finally, as stated in the motion, the payoff under the note is at least $198,187.43, including the unpaid principal balance of $195,327.23. The property value per the Debtor's schedules is $225,000.00, but the property value per the Kootenai County Assessor is $197,989.00. Debtor has elected a homestead exemption in the amount of $100,000.00, and Debtor's schedule D lists a second mortgage against the property in favor of Citi Mortgage in the amount of $34,000.00, indicating that the property has no value for the estate.

For these reasons, movant respectfully requests that the Court grant the relief requested in the October 16, 2008 Motion for relief from stay, and allow the entry of an order granting relief from stay.

Dated this 10th day of December, 2008.

/S/ Steven W. Boyce, Esq.
Attorney for Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3

BRIEF IN SUPPORT OF MOTION FOR RELIEF FROM STAY                               8

# CERTIFICATE OF SERVICE OF MOTION FOR RELIEF FROM STAY

I HEREBY CERTIFY that I served a true and correct copy of the above-listed claimant's Brief in Support of Motion for Relief from Stay on the individuals listed below by hand delivering, mailing, with the correct postage thereon, or through electronic notification to those parties registered with the U.S. Courts District of Idaho CM/ECF system, on the 10th day of December, 2008.

>Jeffrey H. Andrews
>PO Box 2246
>Hayden Lake, ID 83835
>
>Darrell Royce Sheridan
>Sherry Ann Sheridan
>636 N Sparklewood Court
>Post Falls, ID 83854
>
>J. Ford Elsaesser
>P.O. Box 1049
>Sandpoint, ID 83864

/S/ Steven W. Boyce, Esq.
Attorney for Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3