## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| IN RE ) | |
| ) | **Case No. 08-20381-TLM** |
| **DARRELL ROYCE SHERIDAN,** ) | |
| **SHERRY ANN SHERIDAN,** ) | |
| ) | **Chapter 7** |
| Debtors. ) | |
| _____ ) | |

**MEMORANDUM OF DECISION**
_____

**INTRODUCTION**

In this Chapter 7 case, the trustee, Ford Elsaesser ("Trustee"), objects to a motion under § 362(d) for relief from the § 362(a) automatic stay.[1] Motions under § 362(d) are common in bankruptcy cases.[2] Most stay relief requests proceed promptly to entry of an order, after proper notice, without any objection.[3]

However, changes in mortgage practices over the past several years have created a number of new issues. The one highlighted in this case is the standing of

---

[1] All chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, unless otherwise indicated.

[2] In 2008, this Court saw over 2,300 stay relief motions in the 5,224 cases filed.

[3] *See* Local Bankruptcy Rule 4001.2 (addressing substantive and procedural requirements for stay relief motions, and providing for entry of orders upon absence of objection after notice).

MEMORANDUM OF DECISION - 1

the moving creditor. Serial assignments of the mortgagee's interest(s) and the securitization of mortgages have complicated what was previously a generally straight-forward standing analysis. Though many creditors provide in their motions adequate explanation and documentation of their standing to seek relief on real estate secured debts, Trustee challenges the adequacy of the subject motion in this case.

Following hearing and consideration of the arguments of the parties, the Court determines that Trustee's objection is well taken and the same will be sustained. The motion for stay relief will be denied.

**BACKGROUND AND FACTS**

On June 24, 2008, Darrell and Sherry Ann Sheridan ("Debtors") filed their joint chapter 7 bankruptcy petition, schedules and statements. They scheduled a fee ownership interest in a residence located in Post Falls, Idaho. *See* Doc. No. 1 at sched. A (the "Property"). Debtors asserted the Property's value was $225,000.00. *Id.* They indicated secured claims existed in favor of "Litton Loan Servicing" ($197,000.00) and "Citimortgage" ($34,000.00). *Id.* at sched. D. While this left no apparent equity in the Property, Debtors nevertheless claimed the benefit of an Idaho homestead exemption. *Id.* at sched. C.[4]

---

[4] There was no objection, and the exemption was therefore allowed. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643-44 (1992); *Rainsdon v. Farson (In re Farson)*, 387 B.R. 784, 797 (Bankr. D. Idaho 2008). Debtors indicated in their § 521 statement of intention that they would
(continued...)

MEMORANDUM OF DECISION - 2

The § 341(a) meeting of creditors occurred on July 31, 2008. Debtors received a discharge on October 3, 2008. While the case was noticed to creditors as a "no asset" chapter 7, and though Trustee concedes there will be no anticipated distribution to creditors, Trustee has not yet filed his final report of no distribution which would allow the case to close.[5]

On October 16, 2008, the subject motion for relief from stay was filed. *See* Doc. No. 21 (the "Motion"). It was filed by "Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3." *Id.* at 1 (the "Movant").[6] The Movant characterized itself as a "secured creditor and Claimant." *Id.* The Motion further alleges that Debtors were indebted at filing "to Movant" and that the debt arose out of a promissory note and a deed of trust dated September 20, 2006 "naming Movant as beneficiary." *Id.*

Attached to the Motion is a promissory note (the "Note") executed by Debtors. It is payable to "Fieldstone Mortgage Company" as the "Lender." *See*

---

[4](...continued)
reaffirm the secured debts on the Property.

[5] Closing of the case as a no asset chapter 7 would constitute an abandonment of the Property as a scheduled but not administered asset, *see* § 554(c), and the automatic stay would terminate, *see* § 362(c)(1).

[6] Mortgage Electronic Registration Systems, Inc. refers to itself, and is generally referred to by others and in the case law, as "MERS."

MEMORANDUM OF DECISION - 3

Ex. 1.[7]  A portion of the Note states: "I understand Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments . . . is called the Note Holder."

The Note is secured by a deed of trust dated September 20, 2006 and recorded in the real property records of Kootenai County, Idaho, on September 22, 2006 (the "Deed of Trust").  The Deed of Trust at paragraph (C) identifies and defines the "Lender" as "Fieldstone Mortgage Company, a Maryland corporation." Paragraph (E) of the Deed of Trust recites:

> MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument.

Ex. 1.

Trustee objected to the Motion, contending that the Movant failed to establish its interest in the Property or its standing to seek stay relief.  Doc. No. 23. At a preliminary hearing on November 4, 2008, the parties requested a final hearing because the question of standing remained unresolved.[8]  A final hearing was held on December 16, 2008, at which Trustee and counsel for Movant made argument, but no evidence was presented other than the documents that, as noted

---

[7] The documents attached to the Motion were admitted into evidence at the final hearing, by stipulation of the parties, as "Exhibit 1."

[8] A "final hearing" is contemplated under § 362(d) and (e).  That it would be an evidentiary hearing is a result of the presence of material, disputed facts, which under Fed. R. Bankr. P. 9014(d) requires testimony in the same manner as in an adversary proceeding.

MEMORANDUM OF DECISION - 4

above, were admitted by agreement.[9]

## DISCUSSION AND DISPOSITION

### A. Stay relief requires a motion by a party in interest with standing

The Bankruptcy Code, Bankruptcy Rules and this District's local rules govern stay relief requests.

Under the Code, relief from the § 362(a) stay is authorized "[o]n request of a *party in interest* and after notice and a hearing, . . . ." *See* § 362(d) (emphasis added). *See also* § 362(e)(1) and (2), § 362(f), § 362(j) (all referring to requests made by a "party in interest.") One ground for stay relief is "cause, including the lack of adequate protection of an interest in property *of such party in interest*[.]" § 362(d)(1) (emphasis added). The Motion here alleged "cause" based on delinquent payments, *see* Doc. No. 21 at 2, thus implicating § 362(d)(1) even though no specific citations to § 362(d)(1) are made.[10]

---

[9] The Code establishes time frames for preliminary hearing, final hearing and ruling. *See* § 362(e)(1), (2). In this case, the Motion was originally filed October 16, 2008. Under § 362(e)(2), the stay generally "shall terminate on the date that is 60 days after a request is made by a party in interest" if the case is one under chapters 7, 11 or 13 and the debtor is an individual. However, that period may be extended by either agreement of the parties or by the Court for good cause. *See* § 362(e)(2)(B). Here, the scheduling of the hearings resulted in a final hearing on December 16, 2008, about the 60th day after the request. This delay was by or with concurrence of the parties. The Court concludes that additional delay to the date of this Decision was required to address the contentions of the parties.

[10] Another ground for stay relief with respect to acts against property is an absence of equity in such property coupled with a lack of necessity of such property for an effective reorganization. *See* § 362(d)(2). The Motion indicated a lack of equity in the Property and, in light of the fact that this is a chapter 7 liquidation, the Property is not required for reorganization.

MEMORANDUM OF DECISION - 5

The Rules require that a stay relief request be made by a motion. *See* Fed. R. Bankr. P. 9013 ("A request for an order, except when an application is authorized by these rules, shall be by written *motion*, unless made during a hearing.") (emphasis added); Fed. R. Bankr. P. 4001(a)(1) ("A *motion* for relief from an automatic stay provided by the Code . . . shall be made in accordance with Rule 9014[.]") (emphasis added).

In addition to the Bankruptcy Rules, this District's local rules require, *inter alia*, that:

- the request shall be made by a "party in interest" and by "motion;"
- the motion shall "[p]rovide the details of the underlying obligation or liability upon which the motion is based;" and
- the motion shall have attached "accurate and legible copies of all documents evidencing the obligation and the basis of perfection of any lien or security interest[.]"

LBR 4001.2(a), (b)(2), and (b)(5).

### 1. Party in interest, and standing

While the term "party in interest" is not defined by the Code, this Court has held that such a party must have a "pecuniary interest" in the outcome of the dispute before the Court. *See In re Simplot*, 2007 WL 2479664 at *9 n.45 (Bankr. D. Idaho Aug. 28, 2007) (citing *In re Elias*, 05.2 I.B.C.R. 41, 42, 2005 WL 4705220 (Bankr. D. Idaho 2005), and *In re Stone*, 03.2 I.B.C.R. 134, 135 (Bankr.

MEMORANDUM OF DECISION - 6

D. Idaho 2003)).  *See also Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 517-18 (9th Cir. BAP 2007) (noting that a "party in interest" may be one who has an actual pecuniary interest in the case, one who has a practical stake in the outcome of the case, or one who will be impacted in any significant way in the case).

*Simplot* not only defined party in interest, it addressed "standing" issues. The question there was whether the J. R. Simplot Company, which was not a creditor with a claim against the debtor or estate, "had sufficient party in interest standing to be heard[.]"  2007 WL 2479664 at *9.  This Court stated:

> *Hasso v. Mozsgai (In re La Sierra Fin. Servs.)*, 290 B.R. 718 (9th Cir. BAP 2002), explained that the doctrine of standing encompasses both constitutional limitations on federal court jurisdiction (*i.e.*, the case or controversy requirements of Article III), and prudential limitations on the court's exercise of that jurisdiction.  Constitutional standing requires an injury in fact, *viz.* an invasion of a judicially cognizable interest.  290 B.R. at 726-27.  Prudential standing requires that the party's assertions fall within the zone of interests protected by the statute and, further, requires that the litigant assert only its own rights and not those of another party.  *Id.* at 727 (citing *Bennett v. Spear*, 520 U.S. 154, 162, 167-68 (1997).  The party asserting standing exists has the burden of proving it.  *Id.* at 726.  Though sometimes articulated in the cases as principles applicable to standing on appeal, the same propositions apply to a party at the bankruptcy court level.

*Id.* (footnote citations omitted).  In *Simplot*, the Court concluded that "parties may not assert . . . objections that relate solely to others, or that go to issues that do not directly and adversely affect them pecuniarily."  *Id.* at *10 (footnote citations omitted).  These same standing requirements were recently highlighted in a stay relief context by the court in *In re Jacobson*, ___ B.R. ___, 2009 WL 567188 at

MEMORANDUM OF DECISION - 7

*5-6 (Bankr. W.D. Wash. Mar. 6, 2009).

## 2. Real party in interest

Under Rule 9014, which by virtue of Rule 4001(a)(1) governs stay relief requests, certain "Part VII" rules are applicable. *See* Rule 9014(c). Among those incorporated rules is Rule 7017, which in turn incorporates Fed. R. Civ. P. 17, and Rule 17(a)(1) provides that "An action must be prosecuted in the name of the real party in interest."

*Jacobson* notes that its moving party, who claimed to be a servicer for the holder of the note, "neither asserts beneficial interest in the note, nor that it could enforce the note in its own right." 2009 WL 567188 at *4. It concluded that Fed. R. Civ. P. 17 applied, requiring the stay relief motion to be brought in the name of the real party in interest. *Id.* (citing *In re Hwang*, 396 B.R. 757, 767 (Bankr. C.D. Cal. 2008)); *see also In re Vargas*, 396 B.R. 511, 521 (Bankr. C.D. Cal. 2008). As *Jacobson* summarized:

> The real party in interest in relief from stay is whoever is entitled to enforce the obligation sought to be enforced. Even if a servicer or agent has authority to bring the motion on behalf of the holder, it is the holder, rather than the servicer, which must be the moving party, and so identified in the papers and in the electronic docketing done by the moving party's counsel.

*Id.*

The upshot of these several provisions of the Code, Rules, local rules and case law is this: to obtain stay relief, a motion must be brought by a party in interest, with standing. This means the motion must be brought by one who has a

MEMORANDUM OF DECISION - 8

pecuniary interest in the case and, in connection with secured debts, by the entity that is entitled to payment from the debtor and to enforce security for such payment. That entity is the real party in interest. It must bring the motion or, if the motion is filed by a servicer or nominee or other agent with claimed authority to bring the motion, the motion must identify and be prosecuted in the name of the real party in interest.[11]

### B.     The present Motion

Under the documents attached to the Motion and later admitted at hearing as Ex. 1, Fieldstone Mortgage Company, a Maryland corporation, would certainly appear to be a party in interest and have standing. It has an economic interest according to the Note attached to the Motion and an interest in Debtors' Property according to the Deed of Trust that is also attached.

However, the Motion was not brought by Fieldstone Mortgage Company.

---

[11] The Ninth Circuit's recent decision in *Reusser v. Wachovia Bank*, 525 F.3d 855 (9th Cir. 2008) does not require a different conclusion. *Reusser* held that a lender, Wachovia Bank, did not violate the automatic stay by seeking to foreclose on the debtors' property after the bankruptcy court granted the loan servicer's (Washington Mutual) § 362(d) motion. *Id.* at 861-62. Although Wachovia did not join in the motion or separately seek stay relief, the court held that the order entered "as to Washington Mutual" was effective as to Wachovia. *Id.* at 857, 861. Notably, however, the Reussers never challenged Washington Mutual's standing in bankruptcy court; instead, they launched that attack in a subsequently filed district court action. *Id.* at 861-62. The Ninth Circuit held that "a final order lifting an automatic stay is binding as to the property or interest in question—the res—and its scope is not limited to the particular parties before the court." *Id.* at 861. The difference here is that Trustee has timely objected to Movant's standing and, of course, no final order has been entered.

MEMORANDUM OF DECISION - 9

### 1.     MERS as "nominee" or "beneficiary"

Counsel for Movant argues that MERS, given its titular designation of "beneficiary" under the Deed of Trust, is or should be able to prosecute the Motion under the Code, Rules and Local Rules.  Counsel conceded, however, that MERS is not an economic "beneficiary" under the Deed of Trust.  It is owed and will collect no money from Debtors under the Note, nor will it realize the value of the Property through foreclosure of the Deed of Trust in the event the Note is not paid.[12]

Further, the Deed of Trust's designation of MERS as "beneficiary" is coupled with an explanation that "MERS is . . . acting *solely* as nominee for Lender and Lender's successors and assigns."  Ex. 1 (emphasis added).  Movant's briefing suggests that a "nominee" is synonymous with an "agent."  *See* Doc. No. 26 at 2.

The Motion was filed by MERS "as nominee [for] HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3."  Even assuming that MERS as a "nominee" had sufficient rights and ability as an agent to advance its principal's stay relief request, there

---

[12]  Idaho Code § 45-1502(1) defines beneficiary for purposes of the trust deed statute as "the person named or otherwise designated in a trust deed as *the person for whose benefit* a trust deed is given, or his successor in interest, and who shall not be the trustee."  Idaho Code § 45-1502(3) defines trust deed as "a deed executed in conformity with this act and conveying real property to a trustee in trust *to secure the performance of an obligation* of the grantor or other person named in the deed *to a beneficiary*."  *Id.* (emphasis added).

MEMORANDUM OF DECISION - 10

remains an insuperable problem. The Motion provides no explanation, much less documentation or other evidence, to show that the Fieldstone Mortgage Investment Trust Series 2006-3 (as an entity) or HSBC Bank USA (as that entity's "indenture trustee") has any interest in the subject Note or the subject Deed of Trust.[13]

In light of Trustee's objection on this score, Movant argues that MERS' role as "nominee for Lender [*i.e.*, Fieldstone Mortgage Company] and Lender's successors and assigns" gives it ample authority to assert the stay relief request under the Deed of Trust for whatever successor in interest or assignee might have the beneficial interest.[14] Even if the proposition is accepted that the Deed of Trust

---

[13] The Motion uses several terms (Movant, Claimant, Petitioner) without definition or evident consistency. The Motion commenced as follows:

> "COMES NOW Mortgage Electronic Registration Systems, Inc. as nominee HSBC Bank USA, National Association, as Indenture Trustee of the Fieldstone Mortgage Investment Trust Series 2006-3, a secured creditor and Claimant herein, and moves the Court for its Order granting relief from the automatic stay[.]"

Thus, the "Claimant" and evidently the "Movant" (*i.e.*, the party who "COMES NOW . . . and moves") are one and the same, and this entity also purports to be a "secured creditor." Since MERS is acting as nominee, the Claimant/Movant and secured creditor appears by these allegations to be HSBC Bank USA (in its role as indenture trustee for others). The Motion continues by asserting that "Debtor was on the date of filing the petition herein, *indebted to Claimant* arising out of [the Note] and a Deed of Trust dated September 20, 2006, *naming Movant as beneficiary*." Contrary to these assertions, the Deed of Trust does not name HSBC Bank USA or the Fieldstone Mortgage Investment Trust as its beneficiary. Nor is there explanation of how Debtors came to owe HSBC Bank USA.

[14] This language appears in the Deed of Trust only. There is no mention of MERS in the Note.

MEMORANDUM OF DECISION - 11

provisions give MERS the ability to act as an agent ("nominee") for another, it acts not on its own account. Its capacity is representative.

### 2. Documentation

This District's Local Bankruptcy Rule 4001.2 requires copies of "all documents evidencing the obligation and the basis of perfection of any lien or security interest." The sole documentation provided with the Motion here evidences the interests in the Note and Deed of Trust held by Fieldstone Mortgage Company, a Maryland corporation. This submission does not answer the key question — Who was the holder of the Note was at the time of the Motion?

Several movants for stay relief have argued that the holder of a note secured by a deed of trust obtains the benefit of the deed of trust even in the absence of an assignment of the deed of trust, on the theory that the security for the debt follows the debt. Under this theory, it would appear that when bankruptcy intervenes, and somewhat like a game of Musical Chairs, the then-current holder of the note is the only creditor with a pecuniary interest and standing sufficient to pursue payment and relief from stay.[15]

---

[15] Some courts have indicated that the stay relief request should explain the serial assignments resulting in the movant becoming the holder of the note. *See*, *e.g.*, *In re Hayes*, 393 B.R. 259, 269 (Bankr. D. Mass. 2008) ("The Court and the Debtor are entitled to insist that the moving party establish its standing in a motion for relief from stay through the submission of an accurate history of the chain of ownership of the mortgage."); *In re Maisel*, 378 B.R. 19, 22 (Bankr. D. Mass. 2007) ("'If the claimant acquired the note and mortgage from the original lender or from another party who acquired it from the original lender, the claimant can meet its burden through evidence that traces the loan from the original lender to the claimant.'") (quoting *In re*
(continued...)

The Motion here certainly suggests that the Fieldstone Mortgage Investment Trust Series 2006-3 (or perhaps HSBC Bank USA in its capacity as indenture trustee for that trust) was the holder of the note on the June 24, 2008, petition date. But at the time of the final § 362(e) evidentiary hearing herein, the parties discussed and Movant ultimately conceded that (I) the Note contained nothing indicating its transfer by Fieldstone Mortgage Company, (ii) the Motion was devoid of allegations regarding the details of any such transfer, and (iii) the record lacked any other documents related to the issue.

### 3. The supplemental affidavit

Subsequent to the closing of the hearing and after the Court took the dispute under advisement, Movant filed a "supplemental affidavit" of its counsel. *See* Doc. No. 28 (filed January 2, 2009). This affidavit alleges that Movant's counsel obtained on such date the "original" Note and that the same contains an indorsement. Counsel states that his "affidavit is presented to supplement the record herein and for the Court's consideration in the pending motion[.]" *Id.* at 2.

The filing and consideration of this supplemental affidavit are improper for several reasons.

---

[15](...continued)
*Parrish*, 326 B.R. 708, 720 (Bankr. N.D. Ohio 2005)). The court in *Jacobson* decided that it "need not here go so far" as to require such tracing, because of the paucity of proof presented in that case. 2009 WL 567188 at *6. The same is true here. Movant's proof does not even show who presently holds the Note. That alone provides sufficient basis to deny the Motion.

MEMORANDUM OF DECISION - 13

First, the record was closed, and the Court did not authorize the reopening of that record, nor did it indicate any post-hearing submissions would be accepted.

Second, Trustee did not have the opportunity to address this "newly obtained" document at hearing, and nothing shows his consent to the *post hoc* supplementation of the evidentiary record.

Third, disputed factual issues in contested matters may not be resolved through testimony in "affidavits" but rather require testimony in open court. *See* Fed. R. Bankr. P. 9014(d). Under the circumstances, the identity of the holder of the Note certainly appears to be a fact in dispute falling within the ambit of this rule.

Fourth, the affidavit is insufficient to establish that counsel, as affiant, has the ability to testify regarding or lay the foundation required to admit the document. *See Esposito v. Noyes (In re Lake Country Invs., LLC)*, 255 B.R. 588, 594-95 (Bankr. D. Idaho 2000).[16] The assertion that the newly possessed note is the "original" appears to be based not on the affiant's (counsel's) personal knowledge but on the assertions of someone else.

Fifth, the proffer of this "new" note as the "original" note directly contradicts Movant's prior representations that the Note attached to the Motion

---

[16] *Accord Jacobson*, 2009 WL 567188 at *6-8 (discussing inadequacies of evidentiary submissions).

MEMORANDUM OF DECISION - 14

was "true and correct" and the operative document in this matter. *See* Doc. No. 21 at 1.

Sixth, even were it considered, the "new" Note's asserted indorsement states: "Pay To The Order Of [*blank*] Without Recourse" and then purports to be signed by Fieldstone Mortgage Company through a named assistant vice president. There is no date nor indication of who was or is the transferee. Fieldstone Mortgage Company may have indorsed the Note in blank, but this document does not alone establish that either HSBC Bank USA or Fieldstone Mortgage Investment Trust is the Note's holder.[17]

Thus, even if a "nominee" such as MERS could properly bring a motion for stay relief in the name of and on behalf of the real party in interest – the entity that has rights in and pecuniary interest under the Note secured by the Deed of Trust – nothing of record adequately establishes who that entity actually is. Under the evidence submitted at the § 362(e) final hearing, which consists solely of Exhibit 1, the only entity that MERS could conceivably represent as an agent/nominee would be Fieldstone Mortgage Company. But MERS does not represent that party according to the Motion and, in fact, its contentions are to the effect that

---

[17] *See generally* Idaho Code § 28-3-205(2) ("When indorsed in blank, an instrument is payable to the bearer and may be negotiated by transfer of possession alone until specially indorsed."); § 28-3-301 (providing that the holder of the instrument may enforce it). These provisions make identification of the current holder significant.

MEMORANDUM OF DECISION - 15

Fieldstone Mortgage Company is no longer a party in interest.[18]

At the time of that final hearing, counsel for Movant conceded that he had no documentation provided to him by his "client" which indicated the interests under the Note or Deed of Trust were held by either HSBC Bank USA or the Fieldstone Mortgage Investment Trust. Counsel filed the Motion and characterized the Movant's identity therein based solely on undocumented representations made to him. This would appear to be a problematic approach generally.[19] And, in this particular case, Trustee's objection to the Motion put the matter at issue and Movant to its proof.

**CONCLUSION**

When Trustee challenged the Motion's bare assertions, Movant failed to provide an adequate record showing it was a party in interest with standing entitled to seek such relief. On the record presented, the Court finds and concludes Trustee's objection is well taken. That objection will be sustained. The Motion will be denied. The Trustee will provide a form of order for the Court's

---

[18] For this reason, Movant's reliance on *In re Huggins*, 357 B.R. 180 (Bankr. D. Mass. 2006) is misplaced. *Huggins* held that MERS, which was named in a mortgage as the lender's nominee, had standing to seek stay relief. *Id.* at 184-85. But in *Huggins*, the original lender continued to hold the note, and the mortgage had not been transferred. *Id.* at 182, 184.

[19] *See* Fed. R. Bankr. P. 9011(b) (providing *inter alia* that a motion's filing or other presentation constitutes a certification that there has been an "inquiry reasonable under the circumstances" and that factual allegations made "have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"). Trustee here was clear, though, that he asserted no Rule 9011 claims against Movant or its counsel.

MEMORANDUM OF DECISION - 16

review and entry.

DATED: March 12, 2009



*Terry Myers*
TERRY L. MYERS
CHIEF U. S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 17